<pre>
                                                                              O
</pre>

# United States District Court
# Central District of California

| | |
|---|---|
| NICANORA ESQUIVEL, an individual, | Case № 2:17-cv-8610-ODW (JCx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT [66]; AND DENYING DEFENDANT'S & THIRD-PARTY DEFENDANT'S MOTION TO DISMISS AS MOOT [53, 59]** |
| PRUDENTIAL LIFE INSURANCE COMPANY, doing business as Office of Servicemembers' Group Life Insurance, | |
| Defendant/Counterclaim-Plaintiff. | |
| AND RELATED CROSS-ACTIONS | |

## I. INTRODUCTION

Plaintiff, Nicanora Esquivel, filed the pending Motion for Leave to File Second Amended Complaint against Defendant, the Prudential Life Insurance Company of America ("Prudential").[1] (ECF No. 66.) Plaintiff seeks to add additional factual allegations and six new exhibits to her previously amended Complaint. (*Id.*, *see also* ECF No. 55.) Prudential opposes Plaintiff's Motion alleging that Plaintiff's filing is futile and constitutes bad faith. (ECF No. 77.) Based on the analysis below, the Court **GRANTS** Plaintiff's Motion to File Second Amended Complaint and therefore

---

[1] Plaintiff mistakenly brought suit against Prudential under the title of "Prudential Life Insurance Company doing business as Office of Servicemembers' Group Life Insurance." (ECF No. 25.)

**DENIES** Defendant's Motion for Interpleader and Dismissal of Claims, as moot.[2] (ECF Nos. 53, 66.)

## II. BACKGROUND

### A. Factual Background

Esquivel is the widow of Richard Vidaurri ("Insured"), who died on May 31, 2017. (First Amended Complaint ("FAC") ¶ 2, ECF No. 55.) The Insured maintained a life insurance policy (the "Policy") for $200,000.00 with Prudential through their Office of Servicemembers' Group Life Insurance ("OSGLI") and Veterans' Group Life Insurance Services ("VGLIS").[3] (*Id.* ¶ 3.) In 1999, the Insured designated his mother, Delia Villar, as the sole beneficiary of his Policy. (*Id.* ¶ 13(a).) Yet, after marrying Esquivel and becoming the father of "two small children," the Insured contacted Prudential to inquire "about how he could increase the amount of his [coverage] . . . and how he could request a change to his beneficiary(ies)." (Def.'s Mot. for Relief in Interpleader and Dismissal of Claims ("Def.'s Mot.") 5:14–17, ECF No. 53.)

On June 5, 2017, Prudential was informed of the Insured's death and created a "claim file" for the Insured's Policy. (Def.'s Mot. 6.) Thereafter, a Prudential employee uploaded a screenshot into the file, which reflected that the Insured designated, through "online submission," that the benefits of his Policy be paid "By-Law."[4] (Def.'s Mot. 6.) Upon examination of the Insured's claim file, Prudential informed Esquivel on June 28, 2017, that she was the sole beneficiary of the Policy "By-Law and invited her to

---

[2] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[3] Insured was honorably discharged from the U.S. Army on July 31, 1999, and received the Policy around December 1, 1999. The Insured's Policy is governed by 38 U.S.C. §§ 1965–1980 and 38 CFR Part 9. (FAC ¶ 4.)

[4] "A By-Law designation means that the death benefit when due is payable pursuant to a facility of payment provision, which is . . . in the following Order of Precedence:
    1) The surviving spouse of the insured; if none
    2) The child or children, in equal shares, with the shares of any deceased children to be distributed among the descendants of that child; if none,
    3) The parents in equal shares or all to the surviving parents; if none,
    4) A duly appointed executor or administrator of the insured's estate; if none,
    5) Other next of kin." (Def.'s Mot. 6–7.)

submit a claim." (Def.'s Mot 7:22–23, *see also* FAC ¶¶ 17, 18.) On July 6, 2017, Esquivel asserted claim to the Insured's Policy. (Def.'s Mot. 8.)

Thereafter, Prudential discerned that a mistake had occurred with the Insured's claim file. Pursuant to Prudential's "usual practice," a Claims Examiner reviewed the Insured's claim file before issuing payment. (*Id.*) Upon secondary review, Prudential determined that the screenshot uploaded to the Insured's file had been removed and that no record existed of the Insured having ever submitted an online By-Law designation. (*Id.*) After additional appraisal by supervising staff, the screenshot originally discovered in the Insured's claim file was determined to have been related to a different policy account. (*Id.* 9.) Moreover, Prudential determined that the Insured never submitted a new designation "whether in writing or via the internet." (*Id.*) In light of these new discoveries, Prudential informed Esquivel on September 6, 2017 that she was not the sole beneficiary of the Policy. (FAC ¶ 22.) Esquivel now contends that "Prudential unreasonably failed to properly track the beneficiary . . . and then deliberately attempted to cover up that fact." (FAC ¶ 1(b).)

**B.     Procedural Background**

On November 29, 2017, Esquivel filed a Complaint alleging: (1) Negligence; (2) Negligent Misrepresentation; (3) Unjust Enrichment; and (4) Demand for Interpleader. (Compl., ECF No. 1.) On January 31, 2018, Prudential filed an Amended Answered and Counterclaim to Plaintiff's Complaint and filed an Amended Third-Party Complaint against Villar. (ECF Nos. 25, 26.) Villar responded to Prudential's Third-Party Complaint in Interpleader on February 26, 2018. (ECF No. 40.)

Prudential then filed a Motion for Relief in Interpleader and Dismissal of Claims on May 8, 2018. (ECF No. 53.) Shortly thereafter, Esquivel filed her Opposition to Prudential's Motion for Relief in Interpleader and her First Amended Complaint ("FAC") alleging: (1) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; (2) Negligence; (3) Negligent Misrepresentation; (4) Unjust

Enrichment and Restitution; and (5) Declaratory Relief.[5] (ECF Nos. 55, 57.) On May 25, 2018, Villar filed a motion for Joinder in Prudential's Motion for Interpleader. (ECF No. 59.) On June 14, 2018, Esquivel filed for a Motion for Leave to File Second Amended Complaint, maintaining the same five claims from her FAC, but asserting additional facts. (ECF No. 66.) Prudential opposed Esquivel's Motion for Leave to File Second Amended Complaint. (ECF No. 77.)

## III. LEGAL STANDARD

Amendments to a party's complaint are permitted as a matter of course within twenty-one days of service of a motion or of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). However, if a party can no longer amend as a matter of course, the amending party must obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When determining whether leave to amend should be granted, the Court considers: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) prior amendment of the Complaint. *Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am.*, CV 10-2696 SVW (MANx), 2010 WL 11549719, at *1 (C.D. Cal. Nov. 18, 2010).

Altogether, a court should "freely give leave [to amend] when justice so requires." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). However, the court may deny leave to amend "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint . . . ." *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).

## IV. DISCUSSION

**A. Leave to File Second Amended Complaint**

Following Rule 15, amendments are "to be applied with extreme liberality," and a presumption that leave to amend should be granted. *Zendel v. ABC Video Prods.*, CV 10-2889-VBF(Ex), 2011 WL 13214018, at *2 (C.D. Cal. May 16, 2011); *see also*

---

[5] Esquivel's Demand for Interpleader was withdrawn without prejudice. (ECF No. 55.)

*Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (applying the four-factor test to a motion to amend, and noting that the "determination should be performed with all inferences in favor of granting the motion"). Here, Esquivel requests leave to amend to include additional factual allegations and six exhibits that were previously unknown. (Mot. Leave to File Second Amended Complaint ("Mot. SAC"), ECF No. 66.) Prudential argues that Esquivel's leave to amend should be denied because it is futile and brought in bad faith. (Opp. to Pl.'s Mot. for Leave to Amend ("Opp. Mot."), ECF No. 77.) Altogether, the four factor test weighs in favor of **GRANTING** Esquivel's Motion to Amend.

### *1. Undue Delay*

The first factor the Court considers is whether Plaintiff unduly delayed in seeking to amend the Complaint. *See Griggs,* 170 F.3d at 880. Undue delay requires inquiry into "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). In considering this, the Court looks to whether the moving party justified "their delay in moving to file an amended complaint." *Id.* However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). The Court must also find bad faith or prejudice. *Id.*

Here, Esquivel filed her motion to amend before the Court's June 25, 2018 deadline to amend pleadings. (ECF No. 46.) On May 29, 2018, thirteen days after filing the FAC, Esquivel informed Prudential that she was moving to amend and did so in less than one month after her initial FAC filing. (Mot. SAC 7.) Furthermore, Esquivel argues that the changes introduced in the amended Complaint were recently obtained from discovery and therefore not known at the time of the FAC. (Mot. FAC 5:19–20.) Considering Prudential does not raise any argument for undue delay and Esquivel's efficient communication with Prudential, the Court finds that Esquivel did

not unduly delay in seeking to amend the Complaint. Therefore, this factor weighs in favor of granting leave to amend.

### 2. Bad Faith

Next, the Court considers whether there is any display of bad faith by the Plaintiff. *Griggs*, 170 F.3d at 880. "In order for the Court to find that a moving party filed for leave to amend in bad faith, the opposing party must offer evidence that shows 'wrongful motive' on the part of the moving party." *dpiX LLC v. Yieldboost Tech, Inc.*, No. 14-CV-05382-JST, 2015 WL 5158534 at *4 (N.D. Cal. Sep. 2, 2015.); *see also DCD Programs*, 833 F.2d at 187 (determining that there must be "evidence in the record which would indicate a wrongful motive").

First, Prudential contends that Esquivel's Motion constitutes bad faith because of "the timing." (Opp. Mot. 7.) That is, the fact Esquivel filed a Motion to Amend directly after Prudential filed its Motion for Interpleader and Dismissal of Claims is indicative of an attempt to avoid Prudential's dismissal. (*Id.* at 7–8.) To support its argument, Prudential cites to various cases denying motions to amend filed after motions for summary judgment. (*Id.* at 7.) Yet, Prudential never explains how motions for summary judgment are analogous to motions for interpleader and dismissal of claims. Had Prudential filed a motion for summary judgment, these cases would be sufficient to raise concerns of bad faith. However, in light of the motion Prudential filed, its timing argument is not persuasive.

Second, Prudential asserts bad faith by alleging that Esquivel is making misrepresentations to the Court "to keep Prudential in the Case." (Opp. Mot. 8.) To establish this claim, Prudential points to Esquivel's contention that Prudential is suppressing evidence and her interpretation of the recording between Prudential and the Insured. (Opp. Mot. 9–10.) Prudential strongly asserts that it has addressed these issues and the majority of the factual allegations established in Esquivel's new pleading, proving that Esquivel's allegations are false and misleading. (*See* Opp. Mot.) However, simply attacking Esquivel's understanding and interpretation of the events

surrounding the alleged facts is not sufficient to show a wrongful motive. If there were no facts at issue between the two parties, then bad faith could exist. *See Griggs*, 170 F.3d at 881(finding that bad faith exists when "the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories"). Since the record does not indicate bad faith, this factor also weighs in favor of granting leave to amend.

### *3. Prejudice to the Opposing Party & Prior Amendment*

The court next considers whether Plaintiff has previously amended the Complaint and whether allowing amendment would be prejudicial to Prudential. *Pepsi-Cola*, 2010 WL 11549719, at *1. "As [the Ninth] circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Still, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

This is only Esquivel's second amendment to her Complaint, which includes new factual allegations and six exhibits obtained through recent discovery. (*See* Mot. SAC.) Furthermore, Prudential does not allege that the amendment would be prejudicial. (*See generally* Opp. Mot.) Therefore, the Court finds both of these factors support granting leave to amend.

### *4. Futility of Amendment*

Finally, Prudential asserts that leave to amend should be denied because it is futile. (Opp. Mot. 10.) It is well-established that the Court need not accommodate futile amendments. *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996); *see also United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1502 (9th Cir. 2001) (internal citation omitted) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). A proposed amendment is futile when, "before discovery is complete, . . . no set of facts can be proved under the amendment which would constitute a valid claim or defense." *Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007). Such is not the case here.

Prudential devotes a considerable amount of time arguing that the claims alleged in Esquivel's SAC are without merit. (Opp. Mot. 11–15.) First, Prudential argues that Esquivel's tortious breach of the implied covenant of good faith and fair dealing claim fails as a matter of law because she is seeking to "impose obligations on Prudential that are in direct conflict with the [Policy] and SGLI statute." (*Id.* at 11: 9–13.) Second, Prudential contends that Esquivel's negligence and negligent misrepresentation claims are also futile because she fails to allege the required elements. (*Id.* 12.) Lastly, Esquivel's other claims for unjust enrichment and declaratory relief are purportedly futile because the damages requested "are preempted by the SGLI Statute." (Opp. Mot. 14:14–17.) Yet, Prudential's arguments are conscribed to its opposition to Esquivel's Motion to Amend. (ECF No. 77.) Generally, "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *Allen v. Bayshore Mall*, No. 12-CV-02368-JST, 2013 WL 6441504, at *5 (NH.D. Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cnt.*, No. 09-CV-1684-PHX, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Thus, the Court declines to convert Esquivel's motion to amend into a motion to dismiss the proposed Second Amended Complaint. Since Esquivel's claims have factual support and the matter is still at the pleading stage, the Court will not conclude as a matter of law that Esquivel is not entitled to recover under these claims, at this juncture. Therefore, the Court does not find the SAC to be futile. *See SAES Getters S.p.A. v. Areonex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citations omitted) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, [citation] such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

**B.     Motion for Interpleader and Dismissal of Claims**

Prudential moved to dismiss Esquivel's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 8, 2018. (ECF No. 53.) On May 16, 2018, Esquivel

filed a First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15, eight days after Prudential filed its responsive pleading. (ECF No. 55.) Federal Rule of Civil Procedure 15(a)(1) allows Esquivel to file an amended complaint once as a matter of course within twenty-one days of service with a Rule 12(b) motion. Therefore, Esquivel's amended complaint was proper. Moreover, Esquivel now moves to file a Second Amended Complaint, which the Court has granted pursuant to Federal Rule of Civil Procedure 15. As the pending motion to dismiss was based on a complaint that is no longer operative, the motion is **DENIED** as **MOOT**. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (finding that amended pleading supersedes the first, and holding that motion attacking the first pleading may be deemed moot). Furthermore, to the extent Prudential seeks to introduce evidence outside of the complaint to challenge Esquivel's claims, it must do so through the proper procedural vehicle. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (holding the court may not consider evidence outside of the complaint on a motion to dismiss).

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 66.) And, the Court **DENIES** Defendant's Motion for Relief in Interpleader and Dismissal of Claims, as moot. (ECF No. 53.) Pursuant to Local Rule 15-1, Plaintiff is required to promptly file the approved Second Amended Complaint as a separate document. L.R. 15-1.

**IT IS SO ORDERED.**

July 23, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**